UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANK LEDESMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:23-cv-322- |
| | ) |
| GARY RAILWAY COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# OPINION AND ORDER

This case was first filed in state court and then removed here by U.S. Steel. Plaintiff, Frank Ledesma, now seeks an order remanding the case because the removal was both procedurally and substantively improper. [DE 12.] He also seeks costs and attorney fees to boot. *Id.* Because not all of the defendants signed the notice of removal and the Seventh Circuit requires strict adherence to this procedure, the case will be remanded. In addition, because this case was brought under the Federal Employer Liability Act (FELA), it was not removable in the first place. Therefore, Defendants lacked an objectively reasonable basis to remove it, and as a result, Ledesma will be awarded his attorney fees and costs.

**Background**

On August 22, 2023, Plaintiff Frank Ledesma filed his complaint in the Lake County Superior Court alleging that he sustained personal injuries while working for Defendant, Gary Railway Company at a United States Steel Corporation tin mill in

Gary, Indiana. [Compl., DE 2 at ¶¶ 5, 7.] Although there are no delineated counts in the complaint, it references two causes of action: a FELA claim against U.S. Steel and Gary Railway and a common law negligence claim against Defendant, Terry Carter, a safety manager at U.S. Steel.

Defendants U.S. Steel and Terry Carter filed a notice of removal on the basis of diversity jurisdiction. [DE 1.] In the notice of removal, U.S. Steel and Carter alleged Ledesma improperly and fraudulently joined Carter in an attempt to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332. [DE 1 at 4-6.] Defendants further asserted that, setting aside the fraudulently joined Carter, this court does have jurisdiction under section 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, so the action was removable under 28 U.S.C. § 1441. [*Id.* at 3.]

Plaintiff Ledesma timely filed this motion to remand to state court. [DE 12.] He argues: (1) the notice of removal is fatally defective because Defendant Gary Railway Company did not sign it; and (2) the claims aren't removable anyway because 28 U.S.C. ¶ 1445(a) specifically prohibits the removal of a FELA claim against a railroad.[1]

## Discussion

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366

---

[1] Also pending before me is Defendant Carter's motion to dismiss pursuant to Rule 12(b)(6). [DE 5, 6.]. Since I am remanding this matter, that motion is best left to the state court judge on remand. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586-87 (1999).

2

F.3d 524, 529 (7th Cir. 2004); s*ee also* 28 U.S.C. § 1441; 28 U.S.C. § 1446.  The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(citations omitted).  When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).  "In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint."  *Scouten v. MNL-FTS, LLC*, 708 F.Supp.2d 729, 731 (N.D. Ill. 2010) (quotations and citations omitted).

A remand based upon 28 U.S.C. § 1447(c) may be either for a procedural defect in removal, or for lack of subject-matter jurisdiction.  *Powerex Corp. v. Reliant Energy Servs. Inc.*, 551 U.S. 224, 229-30 (2009).  Ledesma's motion to remand raises both of these alleged defects.  However, the procedural defect alone bars removal of this case.

Ledesma claims that the removal is improper because not every defendant signed it.  The statute provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Here, only counsel for Defendants U.S. Steel and Terry Carter signed the notice of removal.  [DE 1 at 8.]  The notice contains a provision that "Defendant Gary Railway

3

Company consents to the removal of this action as required in cases where removal is based on diversity." [*Id.* at 7.]

Defendants contend they obtained Gary Railway Company's consent prior to filing the notice of removal, and they listed the consent in the motion; therefore, surely they've satisfied the statute. [DE 17 at 2-3.]  Furthermore, Defendants posit that federal circuits are divided as to what form "consent" to removal must take. [*Id.* at 3-4.]  But then they cite cases from the Sixth Circuit and Ninth Circuit. *Id.*  Oddly, they leave out what the Seventh Circuit has to say about all this, which is of course the Circuit that controls me.

For its part, the Seventh Circuit applies the requirement of timely *written* consent strictly.  *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (overruled on other grounds).  As the Seventh Circuit has stated, "[a] petition for removal fails unless all defendants join it.  To 'join' a motion is to support it in writing."  *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (abrogated on other grounds).  In *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997), the Seventh Circuit applied this requirement to find a removal petition defective because even though the removing defendant "noted that all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition because not all of them signed it."

Requiring consent in writing seems to me to be unsupported by a plain reading of the statute and, in any event, an exercise in unnecessary formalism.  Other courts have made the same point, but have nonetheless held their noses and remanded cases

4

pursuant to the Seventh Circuit's dictate. *See Village of Elliott v. Wilson*, No. 11-CV-2107, 2011 WL 4404046 (C.D. Ill. Sept. 21, 2011). Since I'm at the bottom of the judicial pecking order my job is to apply clear Circuit authority, whether I think it's sensible or not, just like many other district judges have done in this corner of the law. *See, e.g., Jarvis v. Davis*, No. 316-cv-525, 2016 WL 6275600, at *3 (N.D. Ind. Oct. 27, 2016) (finding removal petition defective because it wasn't signed by all defendants); *Boruff v. Transervice, Inc.*, No. 2:10-CV-322, 2011 WL 1296675, at *2 (N.D. Ind. Mar. 30, 2011) ("Although [removing defendant's] notice of removal represents that [co-defendant] consents to the removal, this statement is insufficient to meet the Seventh Circuit's requirement of express, written consent."); *Viking, Inc. v. NBD Int'l, Inc.*, No. 1:16-CV-25, 2016 WL 4698240, at *3 (N.D. Ind. Sept. 8, 2016) (finding unauthenticated email attached to the notice of removal from an attorney who had not yet appeared in the action on behalf of the non-removing defendant was not sufficient to establish consent to remove).

Here, the notation in the removal noting that Gary Railway consented to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent. Generally, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000) (concurrence). Defendants have not attempted to amend the notice of removal. Instead, they have steadfastly doubled down on their stance that stating

5

the consent in the motion is sufficient. Perhaps they did so because even if they did amend the notice, it would be too late; it would be outside the 30-day window in which to file a notice of removal. In other words, because Gary Railway's consent was required and Ledesma did not waive the failure to comply, an untimely amended notice of removal would have been insufficient to remedy the defect in the original notice. *See Boruff*, 2011 WL 1296675, at *4-6.

One of the possible exceptions to the requirement that all defendants join a notice of removal is under 28 U.S.C. section 1441(c)—a co-defendant against whom "separate and independent" claims are brought need not join in the notice of removal. *Boruff*, 2011 WL 1296675, at *3. Defendants argue that the claims against Gary Railway are separate and independent from the claims against the other defendants, U.S. Steel and Carter. [DE 17 at 4-6.] As I noted above, the complaint does not list separate counts, but rather alleges that Ledesma was injured while working for Gary Railway, at U.S. Steel, and Carter was the safety department manager for U.S. Steel. [DE 2 at 2.] It further alleges that "in furtherance of his duties, Frank was ripping out the old railroad track within or near the 'tin mill.' The Defendants, against other requests from workers, including Plaintiff, required Plaintiff and his coworkers to pull railroad crossings out with a backhoe, causing the track to give, hitting Plaintiff from a distance of over 22 feet away." *Id.* Ledesma claims "[e]ach of the Defendants at the time and place alleged, notwithstanding their duties, were negligent." [*Id.* at 3.] Ledesma alleges in the complaint that Gary Railway and U.S. Steel are both subject to FELA. [*Id.* at 2.]

6

Defendants posit "[i]t is well-settled that a claim is not 'separate and independent' if it arises from the same loss or actionable wrong." [DE 17 at 4 (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14-16 (1951).] In considering the complaint, Ledesma does not allege separate injuries for each Defendant's negligence. Rather, he sets forth a single incident, asserts the Defendants are all negligent, and seeks damages. I cannot possibly see how Ledesma's claims don't arise from the same loss or same set of operative facts. Because Defendant Gary Railway Company failed to meet the consent requirements of 28 U.S.C. § 1446, the Motion to Remand is granted on this basis.

Ledesma also seeks attorneys' fees and costs under 28 U.S.C. § 1447(c), as a result of Defendants' improper removal. As the Supreme Court has stated, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Under Seventh Circuit law, "if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then the district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

I don't think fees would be justified simply on the basis that Defendants did not

7

all sign the notice of removal. *See Schmidt v. Walworth Cnty.*, 786 F. App'x 65, 67 (7th Cir. 2019) (ruling lack of unanimous consent to removal is not itself an unreasonable basis for removal). However, Defendants have a much bigger problem. In this case, when Defendants filed their notice of removal, it was clearly established that 28 U.S.C. § 1445(a) specifically prohibits the removal of a FELA claim. Section 1445 provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under [FELA] may not be removed to any district court of the United States." 28 U.S.C. § 1445(a). Removal pursuant to section 1441 (for diversity jurisdiction) is subject to section 1445(a)'s prohibition against the removal of a FELA claim, including if there is a supplemental state-law claim. *See Carrillo v. CSX Transp., Inc.*, No. 3:13-cv-01039-CRS, 2014 WL 2200903, at *2-3 (W.D. Ky. May 27, 2014); *Spalo v. Union Pac. R.R. Co.*, No. 17 C 3357, 2017 WL 2908775, at *4 (N.D. Ill. July 7, 2017).

Defendants claim they were entitled to remove this FELA claim because Ledesma has no chance of success on its FELA claim against Defendant U.S. Steel. [DE 17 at 5-6.] Specifically, they think it improper that Plaintiff pleaded he was employed by Gary Railway and not U.S. Steel. [DE 17 at 6.] However, as Plaintiff points out, U.S. Steel and Gary Railway were each named as a party in a recent case, and made a similar argument that "plaintiff cannot hold defendant liable under FELA, because defendant is not plaintiff's employer." *Ghoston v. Gary Ry. Co.*, No. 2:20-CV-402, 2021 WL 4147002 (N.D. Ind. Sept. 13, 2021). Judge Moody denied that motion to dismiss, finding the cases relied upon by defendants were all decided at the summary judgment stage

8

"based upon the particular facts of those cases, including the contracts between the relevant companies, the work performed by the plaintiffs, and other particular circumstances that helped the court determine whether the joint operational activity doctrine applied." *Id.* at 2. Judge Moody found the pleadings plausible and ruled the argument and motion "is entirely premature." *Id.*

Even if Defendants somehow were not aware of this law at the time they filed the notice of removal, Plaintiff's counsel sent a letter on October 5, 2023, explaining why removal was a bad idea and asking that it take steps to remand the case back to state court. [DE 18 at 7-8.] U.S. Steel's counsel failed to voluntarily remand the case, necessitating the expense and time of Plaintiff filing the motion to remand.

Because the clearly established law shows there was no basis for removal, the court awards Ledesma its just costs and actual expenses, including attorneys' fees, as a result of the removal. Ledesma may submit a request for reimbursement for the costs of the removal on or before February 19, 2024. Defendants may file a response on or before March 4, 2024.

## Conclusion

For the reasons set forth below, the motion to remand [DE 12] is **GRANTED** and this case is **REMANDED** back to the Lake County Superior Court, Indiana. Additionally, Plaintiff is **AWARDED** its just costs and actual expenses, including attorneys' fees, as a result of the removal. Plaintiff may submit a request for reimbursement for the costs as a result of the removal on or before February 19, 2024.

Defendants may file a response on or before March 4, 2024.

SO ORDERED.

DATED: February 5, 2024.

                                                /s/   Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT